CASE 41—PETITION EQUITY—OCTOBER 9.

# Nutter, &c, vs. Russell, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

The words "real estate," as used in the first section of *article* 3, *chapter* 86, *of the Revised Statutes*, relating to the sale of the estate of infants on a petition to the circuit court, import lands, tenements, and hereditaments, and *all rights thereto*, and *interests therein*, other than a chattel interest. (*Rev. Stat., chap.* 21, *sec.* 13.)

Under the statute authorizing the sale of the real estate of infants the chancellor has jurisdiction to order the sale of any interest of an infant in such estate, whatever may be the character of that interest, or in whatever manner it may be held, whether by descent, devise, or by contract. A contingent remainder, or an interest in the nature of an executory devise, may be sold under the statute.

A will contained this provision: "In the event of any of my children, to whom I have bequeathed property, *die* (dying,) without legal issue, then it is my wish and desire that the property, so bequeathed, revert to the remainder of my children or their legal representatives." *Held*—that the contingent interest of infant devisees in the land devised may be sold under the provisions of *chap.* 86, of *the Rev. Stat., supra.*

The effect of *section* 6, *of chapter* 80, *of the Revised Statutes,* (2 *vol. Stanton's ed.,* 226,) is to obviate the difficulties which had been established by judicial construction between such estates as were alienable and such as were not. Under this statute every interest in, or claim to, real estate, whether present or future, vested or contingent, and however acquired, may be disposed of by deed or will.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Thomas A. Russell, by his will, after making provision for his wife, directed a division and distribution of the residue of his estate, consisting of lands, slaves, and personalty, among his children, some of whom were infants. The will contains the following provision:

"In the event of any of my children, to whom I have bequeathed property, *die* (dying,) without legal issue, then it is my wish and desire that the property, so bequeathed, revert to the remainder of my children, or their legal representatives."

After the death of the testator his real estate was divided among the devisees pursuant to the directions of the will, in which division a separate tract of land was allotted, in severalty, to each of the children.

This petition was filed by the statutory guardian of the two infant devisees, in conjunction with the adult devisees, who

unite as plaintiffs. They state, in substance, that the several parcels of land allotted to each of the plaintiffs are all so nearly adjoining as to form one valuable and salable farm, if united, while each tract is too small for profitable cultivation ; that they desire to sell, and believe it would be to their advantage to sell, all together, the adult plaintiffs expressing their willingness to unite in selling with the infants, and on the same terms, should a sale of their shares be ordered. But they say that the defendant, James M. Russell, who is the only child of R. S. Russell, deceased, who was a child and devisee of the testator, has a contingent interest in said land, under the clause of the will above quoted, his interest being contingent on each or either of the plaintiffs dying without issue ; that this contingent interest, if left outstanding, would greatly injure the sale of the land, and that the guardian of said defendant is of opinion that his interest should be sold with the other interests in the land, so as to pass a complete title, provided its proper value be given for it, which the plaintiffs are willing he should receive out of the first installment of the sale.

The guardian answered, consenting to a sale of the contingent interest of the ward, on the terms mentioned in the petition.

The parties having, in all respects, complied with the requirements of the 86th *chapter of the Revised Statutes*, regulating the sale of the real estate and slaves of infants, etc., (*Stanton's edition, p.* 303,) a judgment was rendered directing a sale of the tracts of land allotted to the two infant devisees—the judgment specially providing that the sale should "pass to the purchaser all the rights, present or future, vested or contingent, of all the parties to this suit."

At the sale made by the commissioner under this judgment, the appellants became the purchasers of two of the tracts belonging to one of the infants, together with the interests therein of all the other parties.

The purchasers subsequently moved the court to quash the sale, and also the sale bonds executed by them for the residue of the purchase money, upon various grounds appearing in the record. The court, upon final hearing, overruled their motion,

and approved and confirmed the sale ; and from that order this appeal is prosecuted.

The ground mainly relied upon by the appellants for a reversal of the judgment is, that the circuit court had no power to order a sale of the *contingent* interests of the infant devisees in the lands sold, and that the appellants did not, therefore, acquire a valid and complete title to the several tracts purchased by them under the judgment.

The question presented by this objection involves, and must depend upon, the construction and effect to be given to the statutes relating to the sale of the real estate of infants.

The *1st section of article* 3, *chapter* 86, *of the Revised Statutes,* (*page* 304, *Stanton's edition, vol.* 2,) is in these words :

"The *real estate* of an infant, idiot, or lunatic, held by descent, devise, or by contract, whether in possession, reversion, or remainder, may, on a petition to the circuit court of the county in which the same, or the greater part thereof, lies, be decreed to be sold."

All difficulty with respect to the import of the words "*real estate,*" as here used, is removed by another provision of the Revised Statutes, which declares that "the words 'real estate' or 'land,' in the statute law, shall be construed to mean lands, tenements, and hereditaments, and all *rights thereto,* and *interests therein,* other than a chattel interest." (*Section* 13, *vol.* 1, *page* 262.)

The clause of the will which has been quoted, gives to each of the devisees a future interest in the lands devised to the others—contingent on the happening of the event mentioned. This interest may, perhaps, be more properly and technically denominated an executory devise, and not a contingent remainder. The distinction, however, is immaterial. It is unquestionably an *interest* in the land, and is therefore comprehended within the statutory definition of the words *real estate,* although it be not, strictly speaking, an estate "in possession, reversion, or remainder." These latter expressions cannot be construed as limiting or restricting the power of the chancellor to the sale of such interests only as fall technically within one or the other of those three classes of estates or interests. The evi-

dent intention of the legislature was to subject to the jurisdiction of the chancellor any interest of an infant in real estate, whatever might be the character of that interest, or in whatever manner it might be held, whether by descent, devise, or by contract. No reason of policy can be suggested for excluding from the operations of the statute an interest, in the nature of an executory devise, that would not apply with equal propriety to an interest in remainder, whether vested or contingent, and it cannot be denied that a contingent remainder is embraced by the terms of the statute as they have been expounded.

In the case cited, of *Jackson vs. Waldron*, 13 *Wendell*, 178, a majority of the court decided that an interest, such as we have been considering, created by will, was a *naked possibility*, as it is called, and not assignable or releasable.

It is sufficient to say, in reply to the argument founded on this decision, that we are inclined to concur with the chancellor in the reasoning as well as in the conclusion announced in his dissenting opinion. But it is unnecessary to decide the point, upon the general principles discussed by the court in the several opinions delivered in that case; for, according to our own statutes, "any interest in, or claim to, real estate, may be disposed of by deed or will in writing. Any estate may be made to commence in *futuro*, by deed in like manner as by will, and any *estate* which would be good as an *executory devise* or bequest shall be good if created by deed." (*Rev. Stat.*, 2 *vol.*, *sec.* 6, *page* 226, *Stanton's edition*.)

The effect of this enactment is to obviate at once all the difficulties growing out of the distinctions which had been established, by judicial construction, between such estates as were alienable and such as were not. It will not be doubted, we suppose, that under this statute every conceivable interest in, or claim to, real estate, whether present or future, vested or contingent, and however acquired, may be disposed of by deed or will.

Why then may not the chancellor decree a sale of any interest owned by an infant in real estate, which might be disposed of by an adult owner; and is it not manifest that the

law which clothes the chancellor with this power was intended to embrace every such interest, without regard to its extent or technical designation. Cases, such as the one now under consideration, may very often arise, in which the sale of a future and contingent estate will as certainly and as effectually redound to the interest of the infant owner, as the sale of any other estate.

The record exhibits no error in the proceedings which can affect the title of the appellants, and the judgment is therefore affirmed.