JOHN BENSON *versus* FRANCIS DRAKE *& al.*

The indorsee of a negotiable promissory note, who procured it to be indorsed
by the payee on the Lord's day, cannot maintain an action thereon in his
own name against the maker.

ON REPORT.

ASSUMPSIT, brought in the name of one other than the
payee or owner, but for the benefit of the owner and in-
dorsee of a negotiable promissory note, dated Nov. 7, 1865,
payable " within three months," and indorsed by the payee
" without recourse."

When the action was commenced, the note was the prop-
erty of one Chase, and brought in the plaintiff's name by
his special permission.

A few days after its date, the payee sold and delivered
the note to one Hall for the full amount due thereon, but
did not then indorse it. Still, subsequently, but before
maturity, Hall sold and delivered the note to said Chase for
the amount due on it. A short time after its maturity, Chase
then being the owner of the note, called at the office of the
payee, on Sunday afternoon, about four o'clock, and re-
quested him to indorse the note; and thereupon the payee
wrote his name upon its back, adding thereto the words
" without recourse." Neither of the sales or deliveries was
made on Sunday.

If the action could not be maintained, a nonsuit was to
be entered.

*Geo. W. Whitney*, for the plaintiff.

It does not follow that everything done on the Lord's day, in contravention of the statute, is void. Money paid and accepted on Sunday discharges the debt. *Johnson* v. *Willis*, 7 Gray, 164. Personal property sold and delivered on Sunday, will vest in the purchaser. *Ellis* v. *Higgins*, 32 Maine, 34; *Richardson* v. *Kimball*, 28 Maine, 463. The indorsement was a clerical act and related back to the time of sale and delivery to Hall. *Ranger* v. *Cary*, 1 Met., 369; *Breen* v. *Seward*, 11 Gray, 121. If the note had been indorsed on Sunday, and the note sold and delivered on the next Monday, the action would be maintainable. *Hilton* v. *Houghton*, 35 Maine, 145. The contract of indorsement, if a contract, was executed not executory and not rescindable, unless *malum in se*. *Ellsworth* v. *Mitchell*, 31 Maine, 251. It was but a direction to the maker. Indorsement " without recourse" simply transfers the property in the note. *Waite* v. *Foster*, 33 Maine, 424. If a contract between payee and indorsee, the maker is not in a position to avail himself of any defence which the payee might have in a suit against him as indorser. The maker is not prejudiced. He was a stranger to the transaction, and has no interest in it so long as it does not affect him. *Richardson* v. *Kimball, ubi sup*.

*A. G. Lebroke*, for the defendants, cited

*Sproule* v. *Merrill*, 29 Maine, 260; R. S., c. 124, § 20; *Towle* v. *Larrabee*, 26 Maine, 464; *Ladd* v. *Rogers*, 11 Allen, 210; *Day* v. *McAllister*, 15 Gray, 433; *State* v. *Suhur*, 33 Maine, 539; *Gregg* v. *Wyman*, 4 Cush., 329; *Woodman* v. *Hubbard*, 5 Foster, 67; *Morton* v. *Gloster*, 46 Maine, 521; *Wheeler* v. *Russell*, 17 Mass., 258; *Pattee* v. *Greely*, 13 Met., 286; *Holman* v. *Johnson*, 1 Cowp., ——; *Babcock* v. *Thompson*, 3 Pick., 449; *Worcester* v. *Eaton*, 11 Mass., 281; *Dwight* v. *Brewster*, 1 Pick., 50; *Springfield Bank* v. *Merrick*, 14 Mass., 322; 2 Parsons on Notes and Bills, 5; *Rand* v. *Hubbard*, 4 Met., 252; *Malbon* v.

Benson *v.* Drake.

*Southard*, 36 Maine, 147; *Peaslee* v. *Robbins*, 3 Met., 164; 2 Pars. on Notes and Bills, 485; *Blakely* v. *Grant*, 6 Mass., 386; *Cabot* v. *Given*, 45 Maine, 144.

DANFORTH, J.—The plaintiff in interest in this case is one Joseph Chase, and the result must be the same as though he were the plaintiff of record. In order to a correct understanding of the case, it is necessary to bear in mind that no question as to the title to, or ownership of the note is raised. That Chase is the owner of the note is not denied. If it were not so, it would not be material, as title is not necessary to the maintenance of the action. Nor does any question arise as to a contract, or whether there was any between the indorser and indorsee. It may be conceded that the defendant, being a stranger to such a contract, could not interfere with, or avail himself of, any rights or obligations growing out of it. Nor is it material as to whether the indorsement related back to the time of the sale of the note, and became a part of that transaction, or otherwise. No set-off has been filed, no question raised as to the rights or liabilities of the parties, making it necessary to fix the time of the transfer. It is admitted that the indorsement was made upon the Lord's day, and by the procurement of the plaintiff in interest, and whether these facts, and these alone, are fatal to the maintenance of the action, is the only question raised.

In this view of the case, it will be seen that the several authorities cited by the plaintiff's counsel. are not applicable, though the principles of law therein enunciated are sound and well established.

That the indorsement of a note is an act within the statute prohibiting secular business on the Sabbath cannot be seriously doubted. It is a business matter, not of necessity or charity. Although it had no effect upon the title to the note, it did very materially affect the rights and liabilities of the maker, as well as the contract itself. The act, then, was void, the indorsement a nullity. It would seem as

though this should settle the question, for how can the suit be sustained if there has been no valid indorsement by the payee.

But it is said that this is not available to the defendant, as he is not in any sense a party to the transaction. But is this so? As already seen, it very materially affects his rights and liabilities. It is an element, and a very important one, in the contract which he has made. Before the indorsement there was no contract between the parties to this suit. Before it, the contract was with, and the promise to, the payee and to him alone. He, and only he, could maintain an action upon the note. But with a valid indorsement, although there may be no change of property in the note there is of parties to the contract, and, of course, in the contract itself. The indorsee may not only maintain an action in his own name, but he may, as in this case, allege the promise as made directly to, and the contract with himself. The condition upon which the defendant consented that his promise might be transferred to the plaintiff has been complied with, and the same privity of contract exists between the parties as though the plaintiff was the original payee of the note. We find, then, a contract claimed as existing between the parties to this action, an important element in which is the result of an act done in violation of the statute prohibiting secular business on the Lord's day. Without this element the contract could not exist and the plaintiff must necessarily fail.

Another view of this will lead to the same result. In *Gregg* v. *Wyman & al.*, 4 Cush., 322, it is clearly established, by a review of the authorities, as well as from principle, " that, if the plaintiff requires any aid from an illegal transaction to establish his demand, he cannot recover." The same principle is fully maintained in *Woodman* v. *Hubbard*, 5 Foster, (N. H.,) 67, although upon another point, one not involved in this case, the two courts came to different conclusions. This Court, in *Morton* v. *Gloster*, 46 Maine, 520, has recognized the same doctrine, and treated it as well

settled law. In the case at bar, the plaintiff must rely upon the indorsement of the note in order to sustain his action, and unless that indorsement is a valid one he must fail. He must equally fail, according to the doctrine of the cases above cited, if that indorsement is an illegal transaction, — and it is just as competent for the defendant to avail himself of that defect or illegality, whether it is made to appear by his own testimony, or by that of the plaintiff.

In *Peaslee* v. *Robbins*, 3 Met., 164, WILDE, J., says, — "The plaintiff is bound to show a legal transfer of the note, by proof of the handwriting of the indorser; and it follows, as a necessary consequence, that the defendant must be allowed to impeach the plaintiff's title to the note, by showing that the indorsement was void." See also *Sproule* v. *Merrill*, 29 Maine, 260. It is clear that the plaintiff in the prosecution of this suit is relying upon an indorsement, which is an "illegal transaction," to sustain his cause. He must therefore fail. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, KENT and WALTON, JJ., concurred.

BARROWS, J., did not concur.