B. S. ROWE vs. GEORGE D. PUTNAM & another.

Suffolk. Jan. 18.—June 28, 1881. COLT, FIELD & DEVENS, JJ., absent.

The maker of a check, obtained from him by fraud, and payable to an existing firm, is not liable to an innocent indorsee holding the check under a forged indorsement of the payee's name.

CONTRACT upon a check dated February 23, 1880, for $65, payable to the order of R. L. Howard & Co., signed by the defendants, and purporting to be indorsed by the payees. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, on agreed facts, which appear in the opinion.

*W. W. Vaughan*, for the plaintiff.

*W. S. Stearns*, for the defendants.

ENDICOTT, J. The defendants gave the check upon which this action is brought under the following circumstances. On the day before the check was given, one King, who represented himself to be a member of the firm of R. L. Howard & Company, of Gardiner, Maine, called upon the defendants and purchased of them certain goods, and in payment therefor presented a check purporting to be a cashier's check upon a bank in Gardiner, payable to the firm of R. L. Howard & Company. This check exceeded the price of the goods purchased in the sum of $65. Before taking the check, the defendants ascertained that there was such a firm in Gardiner, and that it was in good mercantile standing. King thereupon indorsed the check in the name of R. L. Howard & Company, and the defendants then gave to him the check in suit, together with a receipted bill of the goods, and forwarded the same according to his directions. With this check of the defendants, which he indorsed in the name of R. L. Howard & Company, he paid for goods which he purchased of the plaintiff, amounting in value to $65. King was not personally known either to the plaintiffs or to the defendants, and was in no way connected with the firm of R. L. Howard & Company. His representations in that regard were false, and the signature of R. L. Howard & Company on both checks were forgeries.

Upon these facts, we are of opinion that the plaintiff cannot recover. It is plain that the defendants intended to sell their goods to R. L. Howard & Company, an existing firm, and this check was made payable to that firm, and not to a fictitious person, and only upon the indorsement of the check by that firm could a valid title to the check be derived. The defendants did nothing to aid King in deceiving the plaintiff, for the check was not payable to him but to the firm, and the fact that they were deceived by King had no connection with the fraud practised upon the plaintiff. So far as the defendants are concerned, the case stands as if they had given the check directly to the existing firm of R. L. Howard & Company, and King had fraudulently represented that he was a member of that firm, and indorsed the same to the plaintiff. *Dana* v. *Underwood*, 19 Pick. 99. *Boardman* v. *Gore*, 15 Mass. 331, 338. *Peaslee* v. *Robbins*, 3 Met. 164. *Carrier* v. *Sears*, 4 Allen, 336. *Foster* v. *Shattuck*, 2 N. H. 446. *Rogers* v. *Ware*, 2 Neb. 29. The plaintiff cannot therefore recover upon his title to the check by indorsement, nor upon the ground that it was payable to a fictitious payee.

The cases on which the plaintiff particularly relies have no application to the facts of this case. In *Bryant* v. *Eastman*, 7 Cush. 111, the note was payable to the order of the New England Steam & Gas Pipe Company, and it was held that the person who carried on business on his own account in that name might transfer the note by indorsing it in his own name. In *Pease* v. *Dwight*, 6 How. 190, the real payees to whom the note belonged indorsed the note, and it was decided that by the indorsement the indorsee took a valid title, although the name of another person appeared thereon as payee, who had no interest in the note. In *Chaffee* v. *Taylor*, 3 Allen, 598, it was held that the possession of a note by a person who calls himself by the name of the payee is, in the absence of suspicious circumstances, *prima facie* evidence of ownership, and his indorsement passes a title to it; and the case finds that it was proved by sufficient evidence that the indorsement was actually made by the payee. But it cannot be contended that such indorsement would pass a valid title, if it were shown to have been forged.

*Judgment affirmed.*