FRANCIS P. WHITE & others *vs.* TREASURER OF WAYLAND.

Middlesex.    December 4, 1930. — December 8, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Municipal Corporations*, Water system, Gift for public utility.  *Wayland.*

St. 1878, c. 80, accepted by the town of Wayland, conferred ample power
upon the town to construct and maintain a system of water supply
adequate for the needs of the entire town.

Such power and authority were not narrowed by the fact that the initial
water supply installed by the town under that statute was for the
"southerly part" of the town only.

Having such authority and power, the town had power to accept a gift
of a water supply, constructed for the northerly part of the town by a
trustee under a will; and, upon such acceptance, the title thereto
vested in the town under the statute and it had authority to raise and
appropriate money for the purpose of connecting the two systems or
doing any other reasonable act to render more effective and useful
the water supply of the town.

BILL IN EQUITY, filed in the Superior Court on February
11, 1930, and described in the opinion.  The suit was heard
upon an agreed statement of facts by *Gray*, J., who ordered
the bill dismissed.  Material facts are stated in the opinion.
From a final decree, entered in accordance with such order,
the plaintiffs appealed.

*E. M. Bennett*, for the plaintiffs.

*J. Sidney Stone*, for the defendant.

RUGG, C.J.  This is a suit by eleven taxable inhabitants
of the town of Wayland against the treasurer of that
town seeking to restrain him from paying from the
town treasury money contrary to law.  G. L. c. 40, § 53.
The case was submitted to the trial judge on the plead-
ings and an agreed statement of facts.  The ruling was
made that the plaintiffs could not maintain their bill,
and a final decree was entered dismissing the bill.  The
plaintiffs appealed.

The facts pertinent to the grounds of this decision are
these:  The town of Wayland duly accepted St. 1878,

c. 80, entitled "An Act to Supply the Town of Wayland with Pure Water." The town was thereby "authorized to supply itself and its inhabitants with pure water" to extinguish fires and for domestic and other uses, and to that end to take and hold the water and water rights connected therewith of any springs, natural ponds, brooks or other water sources and necessary lands, to convey such water to any and all parts of the town, to "construct and lay down conduits, pipes and other works," and to elect a board of water commissioners to have charge of the system of water works and to exercise the powers and authority conferred by the act subsequent to the original construction of the system. Pursuant to that statute a system of water supply was installed in the southerly part of the town prior to March 1, 1879, and certain extensions of the system were from time to time constructed and put in operation.

By the will of Jonathan M. Parmenter, allowed in January, 1921, a gift of $225,000 was made in trust for the purpose of establishing a system of water supply in a described portion of the town of Wayland either "by connection with some system now or hereafter existing or by an independent system" as the trustee under the will might deem best. This bequest was duly accepted at a town meeting in 1921. The trustee appointed under that will established and constructed the system of water supply thus provided for, and in August, 1927, it was turned over to the town by the trustee and the water commissioners of the town have since had charge of its operation. No part of the system thus established by the trustee was nearer than one mile and one half from the system of water supply theretofore established and operated by the town. In 1929, in accordance with vote duly adopted by the town according to the forms of law, a contract was let for the connection of the system established by the town with the system established by the trustee under the Parmenter will. It is to restrain payment for the work done on an extension made after the letting of that contract that the present suit is brought. It is assumed in favor of the plain-

tiffs that the proposed payment is to be made for an extension of the so called Parmenter system.

It is plain that St. 1878, c. 80, conferred ample power upon the town to construct and maintain a system of water supply adequate for the needs of the entire town. This legislative authority is not restricted to any particular portion of the area of the town. The circumstance that the initial supply was installed for the "southerly part" of the town alone has no narrowing effect upon the broad sweep of the statutory terms. They are coterminous with the territory of the town. A city or town in Massachusetts is not clothed with the powers of private corporations; it can exercise those powers and perform those duties, only, which are expressly conferred by statute or necessarily implied from those expressly conferred or from undoubted municipal rights or privileges. *Attorney General* v. *Lowell,* 246 Mass. 312, 320. *Whiting* v. *Mayor of Holyoke,* 272 Mass. 116, 118. The power to establish a water system for a town carries with it certain implications. *Hardy* v. *Waltham,* 3 Met. 163. Provision for an ample supply of pure water manifestly is an important public utility. Its relation to the public health, public safety and public welfare is direct and immediate. *Loring* v. *Commissioner of Public Works of Boston,* 264 Mass. 460, 464. It is not necessary to decide whether a gift to a municipality for a public water supply, standing by itself alone and apart from any statutory support, would constitute a public charity. Where a city or town has authority conferred upon it by the Legislature to establish a system of water supply, it is too clear for discussion that such municipality may accept gifts from private benefactors for the furtherance of that public utility. In such circumstances a gift of that nature is on the same footing as gifts for the promotion of other public benefits. *First Parish in Sutton* v. *Cole,* 3 Pick. 232. *Drury* v. *Natick,* 10 Allen, 169. *Higginson* v. *Turner,* 171 Mass. 586. *MacDonald* v. *Board of Street Commissioners of Boston,* 268 Mass. 288, 296. It follows that the town was authorized to accept the

Parmenter bequest. See G. L. c. 40, § 3. The water system contemplated by that bequest has been constructed and turned over to the town and managed by the duly authorized officers of the town. Consequently title to that system has vested in the town. It is not necessary to discuss or determine the authority of the trustee under the Parmenter will to open streets and do other acts for the purpose of constructing that water system. The liabilities of such trustee are not involved in this proceeding. The only question is whether the title to the water works constructed by that trustee has vested in the town.

The situation then is that the town owned two distinct and somewhat separated systems of water supply. It holds title to both those systems under an enabling act of the Legislature. For reasons already stated the title has been lawfully acquired by the town under the rights vested in it under St. 1878, c. 80. As incidental to the general authority of the town respecting water supply, it was possessed of authority to raise and appropriate money for the purpose of connecting those two systems or doing any other reasonable act to render more effective and useful the water supply of the town.

The grounds upon which this decision rests render it unnecessary to consider any other of the questions discussed.

*Decree affirmed.*