REMI OLIVIER & others *vs.* CITY OF FALL RIVER & others.

Bristol.    May 9, 1940. — June 26, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Pension. Constitutional Law,* Pension. *Municipal Corporations,* Officers and agents.

St. 1939, c. 95, requiring reinstatement of a laborer, formerly employed by the city of Fall River, solely that he might have the benefit of retirement on an annual pension under St. 1924, c. 278, as amended by St. 1930, c. 71, § 1, notwithstanding the facts that, following an injury, he had elected under G. L. (Ter. Ed.) c. 152, § 73, not to retire but to receive workmen's compensation and then had been separated from the service for incapacity, was not unconstitutional; and after such reinstatement and retirement he was entitled to the pension.

PETITION, filed in the Superior Court on January 19, 1940.

The case was heard by *Hurley*, J., upon an agreed statement of facts, and a final decree was entered dismissing the petition. The petitioners appealed.

*A. E. Seagrave, (A. E. Beaulieu* with him,) for the petitioners.

*J. T. Farrell*, for the respondent Mooney.

*G. L. Sisson*, for the respondent city of Fall River and another, submitted a brief.

LUMMUS, J.    This is a petition by ten taxable inhabitants of the respondent city under G. L. (Ter. Ed.) c. 40,

§ 53, to prevent the payment to one Mooney of a pension after his retirement from the service of the city. Mooney had been employed as a laborer for thirty-six years when in June, 1932, at the age of sixty-four, he suffered injuries arising out of and in the course of his employment. Under the workmen's compensation act he was awarded compensation for two hundred sixty-eight weeks at the rate of $16.80 a week, which he has received. At the time of his injury he was entitled, under St. 1924, c. 278, as amended by St. 1930, c. 71, because of his age, length of service, and incapacity, to apply for retirement upon an annual pension amounting to half pay with a maximum of $500. He elected not to apply for retirement, and became separated from the service of the city because of his incapacity. *Fernandez* v. *Mayor of New Bedford*, 269 Mass. 445. *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492. By St. 1939, c. 95, the Legislature ordered his reinstatement for the sole purpose of being retired on half pay. He was so reinstated and retired on January 4, 1940.

The principle upon which pensions to civil officers and employees are sustained against attack on constitutional grounds, that they tend to make the public service attractive, efficient and honorable, applies as well to pensions presently granted to selected and named individuals for past services, as to pensions granted to a present or future class by general legislation. *Opinion of the Justices*, 175 Mass. 599. *Opinion of the Justices*, 211 Mass. 608. *Opinion of the Justices*, 240 Mass. 616. *Gray* v. *Salem*, 271 Mass. 495, 498. *Goodale* v. *County Commissioners*, 277 Mass. 144. *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492. The provision in G. L. (Ter. Ed.) c. 152, § 73 (St. 1937, c. 336, § 23), that an employee of a city must elect between workmen's compensation and a pension, could not deprive the Legislature of its power after the election had been made to recognize long and faithful service at an earlier time by a pension in contravention of the policy of that statute. *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492. The petition was rightly dismissed.

*Decree affirmed with costs.*