DONALD A. BERUBE *vs.* SELECTMEN OF EDGARTOWN & others.

Dukes County.    October 26, 1953. — January 26, 1954.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Officers and agents, Municipal finance. *Fireman.*

An appropriation voted by a town to indemnify an injured call fireman under G. L. (Ter. Ed.) c. 41, § 100, as amended, was invalid where the vote was passed before the expiration of a period during which the fireman had a right to receive weekly payments for his injury under an indemnity insurance policy taken out by the town pursuant to c. 40, § 5 (1), as amended.

PETITION, filed in the Superior Court on August 18, 1952, for a writ of mandamus.

The case was heard by *Hanify,* J.

No argument nor brief for the petitioner.

*Arthur W. Davis,* (*Henry Corey* with him,) for the respondents.

SPALDING, J. This petition for a writ of mandamus is brought to compel the selectmen and the treasurer of the town of Edgartown to perform such duties as may be necessary to enable the petitioner to receive the sum of $25,000 which the town voted to be paid to him. On a motion of the respondents, the town of Edgartown was made a party respondent. In the court below the case was submitted on a statement of agreed facts, and the judge, without decision and at the request of the parties, reported the case to this court for determination. G. L. (Ter. Ed.) c. 213, § 1B, inserted by St. 1939, c. 257, § 1. G. L. (Ter Ed.) c. 231, § 111.

The petitioner was a call fireman duly appointed by the board of engineers of the town of Edgartown, hereinafter called the town, in accordance with G. L. (Ter. Ed.) c. 48. On September 22, 1950, while serving as such, he sustained an injury which resulted in a partial loss of the use of his right arm. At the time of the injury an insurance policy taken out by the town in accordance with G. L. (Ter. Ed.) c. 40, § 5 (1), as amended, covering members of the town's fire department was in effect. The policy provided for weekly payments of $25 for a period not to exceed one hundred four weeks in the event the injury "wholly and continuously disable[s] the insured member and prevent[s] him from performing any and every kind of duty pertaining to his usual and ordinary occupation." A rider provided for a payment of $500 for medical and surgical expenses. The petitioner received all told the sum of $3,100 under the policy. The weekly payments continued until September, 1952, when the one hundred four week period ended.[1]

---

[1] Pursuant to a vote of the town on February 13, 1951, the petitioner was paid the sum of $7,643 as "Partial indemnification for his expenses and damages." And there were other payments made to the petitioner aggregating $2,290.42 for hospital, physicians' and surgical expenses. None of them is here challenged.

On July 3, 1952, the board of engineers acting under G. L. (Ter. Ed.) c. 41, § 100, as amended, recommended that the petitioner be paid the sum of $25,000. A town meeting was held on July 21, 1952, "to act upon the following article as contained in the warrant therefor. 'To see if the town will raise and appropriate the sum of $25,000 the amount recommended by the board of engineers of the town, to indemnify Donald A. Berube in full for personal injuries and damages suffered by him as a result of an accident in which he was injured through no fault of his own while answering a fire alarm, as a call fireman of the town of Edgartown.'" "This article was adopted" at that meeting.

At the time of the recommendation and the vote the weekly payments provided for by the insurance were being paid and the special indemnity of $500 for medical and surgical expenses had been satisfied. The petitioner made a demand in writing upon the town, but the respondent selectmen refused to sign a warrant to the town treasurer approving the payment.

The respondents' position is that the vote which the petitioner is seeking to enforce was invalid.

It is familiar law that municipalities can exercise only such powers as are expressly or impliedly conferred upon them by the Legislature. *White* v. *Treasurer of Wayland,* 273 Mass. 468, 470. *MacRae* v. *Selectmen of Concord,* 296 Mass. 394, 396. *Burnham* v. *Mayor & Aldermen of Beverly,* 309 Mass. 388, 389. In the expenditure of funds raised by taxation this principle applies with special force, and in making such expenditures municipalities have always been rigidly restricted to the bounds imposed by law. *Attorney General* v. *Lowell,* 246 Mass. 312, 320. *Whiting* v. *Mayor of Holyoke,* 272 Mass. 116, 118. *Burnham* v. *Mayor & Aldermen of Beverly,* 309 Mass. 388, 389. The statute under which the vote in question was passed is G. L. (Ter. Ed.) c. 41, § 100, as amended, and it is there that the authority of the town must be found. The relevant portions of § 100 are: "A . . . town . . . shall indemnify a . . . [call fireman] to an amount not more than the amount recommended

by the board or officer authorized to appoint . . . [call firemen] for expenses or damages sustained by him while acting as a . . . [call fireman] or incurred by him in the defence or settlement of an action brought against him for acts done by him while so acting, and such damages shall include loss of pay by reason of absence . . . because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty. . . . No authority relative to the determination of the amount to be paid to any . . . [call fireman] shall be exercised pursuant to the provisions of this section in the event that insurance providing indemnity for, or protection to, such . . . [call fireman] was in effect under authority of clause (1) of section five of chapter forty at the time when the expenses or damages for which indemnification is sought were sustained, unless and until all rights under such insurance in favor of said city or town or person entitled to indemnification shall have been exercised, determined and satisfied."

The legislative purpose here, we think, is clear. After providing that a call fireman shall be indemnified for damages or expenses sustained by him while acting as such, the statute goes on to provide that "No authority relative to the determination of the amount to be paid . . . shall be exercised . . . unless and until all rights under . . . [an insurance policy of the type here involved] shall have been exercised, determined and satisfied." It was contemplated that a town might desire to carry insurance to cover the amounts in whole or in part that it might be called upon to pay under § 100, and authority to insure was expressly conferred by G. L. (Ter. Ed.) c. 40, § 5 (1). But the provision just quoted makes it abundantly clear that until all rights under the insurance policy had been exhausted no action to indemnify the injured fireman could be taken. On the basis of this construction the vote here was obviously invalid, because when passed on July 21, 1952, the rights under the insurance policy had not been exhausted. That event did not occur until September.

In view of this conclusion we do not reach the point pressed by the respondents to the effect that the town under § 100 has authority only to reimburse an injured fireman for medical expenses and loss of salary actually incurred, and has no right to grant him a lump sum embracing "consequential or prospective damages or loss of future earning power."

*Petition dismissed.*