DONALD A. BERUBE *vs.* SELECTMEN OF EDGARTOWN & others.[1]

Dukes County.   October 28, 1957. — January 15, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Municipal Corporations*, Indemnification of police and firemen; Municipal finance; Legislative control; Town meeting: vote. *Fireman. Words*, "Damages," "Or."

The indemnity provisions of G. L. (Ter. Ed.) c. 41, § 100, as amended, are within the power of the Legislature even though financial liabilities are thereby imposed on municipalities without their consent and without reimbursement from the Commonwealth. [638]

Absence of negligence on the part of a municipality and the fact that the operation of its fire and police departments is a governmental function are immaterial to an indemnification of an injured police officer or member of a fire department by the municipality under G. L. (Ter. Ed.) c. 41, § 100, as amended. [637, 638]

There was no merit in a contention that the ability of small towns to maintain fire departments might be jeopardized by the requirement for indemnification of members of the fire departments in G. L. (Ter. Ed.) c. 41, § 100, as amended. [638]

After a recommendation by the appointing authority for indemnification of an injured member of a town fire department under G. L. (Ter. Ed.) c. 41, § 100, as amended, and defeat of a motion at a town meeting for an appropriation for that purpose, a renewal of the recommendation was not necessary to the validity of an appropriation voted at a later town meeting. [639]

An indemnification of an injured police officer or member of a fire department by a municipality under G. L. (Ter. Ed.) c. 41, § 100, as amended, is intended by the Legislature to provide full compensation, which may be paid in a lump sum, for the injury, including compensation for pain and suffering, medical expenses, and impairment of earning capacity. [639-640]

Following a vote at a town meeting appropriating money to indemnify an injured member of the fire department under G. L. (Ter. Ed.) c. 41, § 100, as amended, "provided that either a court having juris-

---

[1] The town of Edgartown and Arthur W. Davis, town counsel.

Berube *v.* Selectmen of Edgartown.

diction shall first decide [or the town counsel shall give an opinion] that such appropriation for such purpose is valid," and the submission of an opinion by the town counsel that the appropriation was not valid, the appropriation might be determined to be valid and the amount appropriated ordered to be paid to the injured person in a declaratory proceeding brought by him. [640]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Dukes County on November 22, 1955.

The suit was reserved and reported by *Counihan, J.*

*Daniel G. Rollins,* for the plaintiff.

*Arthur W. Davis,* Town Counsel, (*Henry Corey* with him,) for the defendants.

COUNIHAN, J.  This is a bill in equity for a declaratory decree, G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, to determine the right of the plaintiff to recover indemnification from the town for expenses or damages awarded him by vote of a town meeting pursuant to G. L. (Ter. Ed.) c. 41, § 100, as amended.[1]

In substance this case was earlier before us and is reported in *Berube* v. *Selectmen of Edgartown,* 331 Mass. 72. That case involved a petition for a writ of mandamus which was dismissed because certain payments to the plaintiff under an insurance policy provided for in G. L. (Ter. Ed.) c. 40, § 5 (1), as amended, had not been exhausted.  The

---

[1] Chapter 41, § 100, so far as is here material reads: "A city, town . . . shall indemnify a police officer, fireman or a member of the fire department . . . to an amount not more than the amount recommended by the board or officer authorized to appoint police officers, firemen or members of the fire department of such city, town . . . for expenses or damages sustained by him while acting as a police officer, fireman or member of the fire department . . . and such damages shall include loss of pay by reason of absence from duty on the part of such officer, fireman or member because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty . . . .  For the purposes of this section, call firemen and volunteer firemen shall be considered members of a fire department.  No authority relative to the determination of the amount to be paid to any fireman or member of the fire department or any police officer . . . shall be exercised pursuant to the provisions of this section in the event that insurance providing indemnity for, or protection to, such fireman, member, officer . . . was in effect under authority of clause (1) of section five of chapter forty at the time when the expenses or damages for which indemnification is sought were sustained, unless and until all rights under such insurance in favor of said city or town or person entitled to indemnification shall have been exercised, determined and satisfied."

facts involved and the proceedings under the statutes up to September, 1952, are recited in *Berube* v. *Selectmen of Edgartown, supra,* and need not be repeated here.

This case comes here upon a reservation and report of the single justice without decision upon the bill for a declaratory decree and the answers of the defendants which admitted all of the allegations of the bill.

One of the allegations of the bill was that all rights under the insurance policy were exhausted in September, 1952. This disposes of the grounds upon which the earlier petition was dismissed.

It appears from the allegations of the bill now before us that on February 10, 1954, the board of fire engineers again recommended "an indemnification of $25,000" to the plaintiff. On April 13, 1954, the voters in town meeting voted against a proposal to raise and appropriate the sum of $25,000 for that purpose. Again on June 4, 1954, the voters in town meeting voted not to appropriate the sum of $17,000 for the same purpose.

In the warrant for the annual town meeting held on February 8, 1955, there was an article, numbered 22, to vote to raise and appropriate the sum of $15,066.58, being less than the amount recommended by the board of fire engineers, to indemnify the plaintiff. At that meeting the following vote was adopted under that article: "To raise and appropriate the sum of twelve thousand dollars ($12,000), being less than the amount of twenty-five thousand ($25,000) dollars recommended by the board of fire engineers of the town, to indemnify Donald A. Berube in full for personal injuries and damages suffered by him as a result of an accident in which he was injured through no fault of his own while answering a fire alarm, as a call fireman of the town of Edgartown, on September 22, 1950, minus the sum of nine thousand, nine hundred thirty-three and 42/100 ($9,933.42) dollars, being the total amount received by the said Donald A. Berube from the town and from the proceeds of insurance; provided that either a court having jurisdiction shall first decide that such appropriation for such purpose is valid or

the town counsel shall give an opinion that such appropriation for such purpose is valid."[1]

At the request of the selectmen Mr. Davis, the town counsel, submitted an opinion that the appropriation of $12,000 was not valid and the selectmen have refused to pay this money to the plaintiff.

We are of opinion that an actual controversy exists between the plaintiff, the selectmen and the town, and that it ought to be resolved in favor of the plaintiff.

The language of c. 41, § 100, is plain, unambiguous and unequivocal. It requires in mandatory terms that a town shall indemnify a call fireman to an amount not more than the amount recommended by the board authorized to appoint call firemen (in this instance the board of fire engineers) for expenses or damages caused by injury suffered by him, through no fault of his own, while in the actual performance of duty.

In the case before us it is admitted that the plaintiff was a call fireman, that he was injured in the actual performance of his duty through no fault of his own, that he incurred expenses or damages, that the board of fire engineers recommended the sum of $25,000 to indemnify him, and that the voters at a town meeting on February 8, 1955, voted to appropriate the sum of $12,000 to indemnify the plaintiff. We are of opinion that this vote was a valid one.

The defendants contend that the town is not liable to the plaintiff for the damage he suffered because the maintenance of a fire department is a governmental function the operation of which gives rise to no liability for claims like those here asserted. They argue further that it is conceivable, if the town is held liable in this case, the expense involved would impose such financial burdens that the ability of Edgartown and similar small towns to maintain fire departments would be in jeopardy.

---

[1] We construe this vote to mean that the sum of $9,933.42 already received from the town by the plaintiff was to be deducted from the sum of $25,000 recommended by the board of fire engineers so the sum of $12,000 appropriated was not more than the amount recommended by the board of fire engineers.

It has been settled beyond doubt that it is within the power of the Legislature to require municipal corporations to assume new financial liabilities without their consent and without reimbursement from the Commonwealth. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492, 499. *Attorney General* v. *Board of Public Welfare of Northampton,* 313 Mass. 675, 682. *Ford* v. *Retirement Board of Lawrence,* 315 Mass. 492, 494. We cannot consider seriously the contention that c. 41, § 100, is not within the power of the Legislature. It is plain that the statute serves the purpose of attracting efficient, competent workers. *Olivier* v. *Fall River,* 306 Mass. 376, 377. *Quinlan* v. *Cambridge,* 320 Mass. 124, 127. See *Eisenstadt* v. *County of Suffolk,* 331 Mass. 570, 573–574. It likewise recognizes the obligation of the public to those employees who risk injury and death in the performance of hazardous duties in their daily work. *Acford* v. *Auditor of Cambridge,* 300 Mass. 391, 394. See *Rich* v. *Mayor of Malden,* 252 Mass. 213, 215.

It seems incongruous to challenge the payment of public funds to one seriously injured in the performance of his public duty, without fault on his part, when this court has repeatedly upheld the validity of payments to widows of public servants who have died as the result of injury sustained in the performance of their public duty. *Acford* v. *Auditor of Cambridge, supra.* See *Tolman* v. *Selectmen of Brookline,* 319 Mass. 382.

There is no merit in the contention of the defendants that the town should not be required to pay because no negligence has been shown. The short answer to that argument is that the statute does not require any showing of negligence. It only requires that the employee be engaged in the performance of his public duty and that the injury be sustained through no fault of his own.

There is likewise nothing in the contention that the ability of small towns to maintain fire departments will be jeopardized if recovery is here allowed. The statute requires a recommendation of the appointing board before an appropriation may be made by the voters of the town. The

appointing board is not required to make any recommendation, *Fortin* v. *Mayor of Chicopee*, 325 Mass. 214, but if it does the voters of the town may appropriate such money as they think proper so long as it is not more than the amount recommended.

There is nothing in the statute which requires subsequent recommendations by the board of fire engineers after the voters have rejected requests for earlier appropriations as happened in the case at bar. It is to be noted that after the decision in *Berube* v. *Selectmen of Edgartown*, 331 Mass. 72, the board of fire engineers on February 10, 1954, again recommended an "indemnification of $25,000." There is nothing in the record to show that this recommendation was ever changed so it was before the voters on February 8, 1955, when the appropriation before us was made. The case of *Brown* v. *Newburyport*, 209 Mass. 259, relied upon by the defendants, is not in point for in that case the city treasurer was only authorized to borrow money "from time to time with the approval of the committee on finance." Obviously this required approval before each borrowing.

The defendants' argument that a lump sum payment was not intended by the statute is not persuasive. It is plain that the statute contemplated otherwise for it provides for indemnification for expenses or damages to an injured employee.

The defendants stress the use of the words "expenses or damages" in the statute and urge that indemnification for expenses precludes any reimbursement for damages.

This suggestion seems to us to be unreasonable. "A construction of . . . [a statute] that would lead to an absurd and unreasonable conclusion is not to be adopted where its language is fairly susceptible to a construction that would lead to a logical and sensible result." *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 489. "'Damages' is the word which expresses in dollars and cents the injury sustained by a plaintiff," *Turcotte* v. *DeWitt*, 333 Mass. 389, 392, and expenses are usually included in an award as an element of damage in the ordinary contract or tort action. We think

that these words of the statute may be construed by considering the word "or" as if it were intended as a conjunctive, but in any event we believe that the Legislature meant to provide full recovery and compensation for the injury sustained, which necessarily include the expenses of the illness of the employee and impairment of earning capacity, present and future, as well as for pain and suffering.

It is not a sound objection that the vote of the town was upon the condition that its validity be approved by a court having jurisdiction or by the town counsel. The reference to court approval permitted the plaintiff to test the validity of the vote in appropriate judicial proceedings in the event that the town counsel disapproved as in fact he did.

Let a decree issue declaring that the vote of February 8, 1955, of the voters of Edgartown was a valid one and that the selectmen of Edgartown be directed to pay the plaintiff the sum of $12,000 as provided in said vote with interest from February 8, 1955, and costs of this appeal.

*So ordered.*