GEORGE E. LANDRY & another *vs.* MICHAEL R. GOMES, administrator.

Bristol.　　October 2, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Verdict, Interest.　*Clerk of Courts.　Error, Writ of.*

A clerk of the Superior Court had no authority in 1929 to add, to the amount of a verdict of a jury for the plaintiff in an action by an administrator under G. L. c. 229, §§ 5, 6, for causing conscious suffering and the death of the plaintiff's intestate, interest from the date of the writ to the date of the verdict, where the verdict was returned without the jury's having been instructed to add such interest and without their having done so, although it had been his "practice" to do so.

Upon a writ of error to reverse a judgment of the Superior Court, it appeared that, in an action by an administrator under G. L. c. 229, §§ 5, 6, to recover for the causing of conscious suffering and the death of his intestate, a jury had returned a verdict in the sum of $6,000, to which the clerk in making up the judgment improperly had added interest for the period from the date of the writ to the date of the verdict and that execution had been issued which, by a sale thereunder of property of the defendant, had been satisfied in an amount less than the sum for which judgment should have been entered; and this court ordered that the judgment be reversed and judgment entered

for the amount for which it should have been entered, namely, for the amount of the verdict plus interest from the date of the verdict to the date of judgment, and that execution should issue for the difference between the amount of such judgment and the amount which had been received toward satisfaction of the execution.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on March 28, 1930, for a writ of error.

Facts appearing in the return filed upon the writ are stated in the opinion. The case was reported to the full court by *Pierce,* J., with the statement: "If the clerk of the Superior Court should not have added any interest to the verdict from the date of the writ to the date of the verdict, and if by reason thereof such judgment should be reversed, then such judgment shall be rendered as the court below should have rendered, otherwise said judgment shall be affirmed."

The case was submitted on briefs.

*J. T. Kenney,* for the petitioner.

*D. R. Radovsky,* for the respondent.

RUGG, C.J. This writ of error comes before us on report by a single justice in accordance with Rule 30 of the Rules of the Supreme Judicial Court for the Regulation of Practice at Common Law (1926) adopted pursuant to G. L. c. 250, § 2, whereby the practice stated in *Perkins* v. *Bangs,* 206 Mass. 408, was changed. *Platt* v. *Commonwealth,* 256 Mass. 539, 541. The proceeding seeks reversal of a judgment of the Superior Court in an action of tort brought by the present defendant in error as administrator of the estate of Raymond L. Gomes, deceased, as plaintiff, against the present plaintiffs in error, as defendants, to recover damages arising out of an automobile accident alleged to have caused conscious suffering and death to said decedent. It appears by the return of record that, at the Superior Court holden at Taunton, within and for the county of Bristol, on September 20, 1929, in Gomes, Admr. *v.* Landry et al., the jury found for the plaintiff and assessed damages in the sum of $5,000 for the death and $1,000 for the conscious suffering of said decedent; that, after the rendition of the verdict and in making

up the judgment, the clerk added to the sum of $6,000, being the total amount found by the jury, interest from the date of the writ to the date of the verdict amounting to $1,124.28. The jury had not been directed by the court to add interest to the damages found for the death and suffering and the jury did not add any interest from the date of the writ, but the clerk "according to his practice" added such interest. On February 18, 1930, by virtue of an execution on the judgment thus entered, levy was made upon real estate of the plaintiff in error Vigneault, and the real estate was sold to an attorney in the office of the attorney for the plaintiff for the sum of $3,500, and from the proceeds of said sale the execution was satisfied to the extent of the sum of $3,464.48.

It was held in *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 272 Mass. 448, decided since this case was reported by the single justice, that under G. L. c. 229, § 11, it was the duty of the jury to add interest as a part of their verdict, and that the addition of interest by the clerk according to preëxisting statutes, see *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 238, was no longer permissible. It there was said at page 457: "It was the duty of the judge by appropriate instructions to make plain to the jury that after ascertaining the initial amount of damages caused by the tortious act of the defendant they ought to add interest on that amount from the date of the writ. If he omits to do this, he commits an error which may be made the subject of an exception by the plaintiff; but he cannot make any change in the verdict after it has been recorded and the jury dispersed. The case on this point is controlled by *Minot* v. *Boston,* 201 Mass. 10."

Manifestly the procedure disclosed on the record in the case at bar was erroneous as matter of law. The clerk had no authority to add the interest and to enter judgment for a sum made up of the verdict plus the interest so added. The error on the part of the judge in omitting to charge the jury correctly as to the subject of interest was a

matter as to which the plaintiff might have taken timely exception and thus protected his rights, but he failed to avail himself of the remedy by exception. The error cannot be corrected by extra-legal procedure not authorized by statute or by principles of law. Plainly a local custom of a clerk in a single county or a general practice throughout the Commonwealth cannot override the plain provisions of the statute and the established practice in the courts. The irresistible conclusion is that the judgment as entered was erroneous and must be reversed. Judgment ought to be entered for the amount of the verdict as rendered by the jury together with interest from the date of the verdict to the date of the judgment. This is the judgment that ought to have been rendered in the court below. G. L. c. 250, § 3. The execution has been satisfied to an extent less than the amount for which judgment ought to have been rendered. The proceedings upon the execution make no difference with the order that should be made. *Field* v. *First Massachusetts Turnpike Corp.* 5 Mass. 388. *Jackson* v. *Brockton,* 182 Mass. 26. The judgment to be entered in accordance herewith is to be enforced against the defendants to the extent only of the balance remaining after the deduction of the sum already received by the plaintiff with interest thereon from the date when it was so received, and execution on such judgment is to issue only for such balance. *Barry* v. *New York Holding & Construction Co.* 229 Mass. 308, 312.

It follows that the order must be, judgment reversed and judgment entered for the amount of the verdict rendered by the jury with interest from the date of the verdict to the date of the judgment.

*So ordered.*