## ALEXANDER D'AMICO *vs.* MICHAEL CARIGLIA (and a companion case[1]).

Worcester. April 28, 1953. — May·28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Interest. Damages*, For tort, For personal injuries, Interest. *Statute*, Retroactive statute.

St. 1951, c. 244, merely changing the method by which interest is included in the amounts recoverable in certain actions of tort, related only to procedure and was applicable in such an action tried after its enactment though arising out of an accident occurring before its enactment.

TWO ACTIONS OF TORT. Writs in the Superior Court dated September 14, 1948.

[1] The companion case is by Helen R. Vito against the same defendant.

The defendant alleged exceptions to rulings by *O'Brien*, J. In this court the cases were submitted on briefs.

*Frank P. Ryan & Samuel Perman*, for the defendant.

*Nicholas Fusaro & Nunziato Fusaro*, for the plaintiffs.

RONAN, J. These are two actions of tort to recover for personal injuries arising out of the negligent operation of a motor vehicle by the defendant on January 18, 1948. The jury on November 29, 1951, returned verdicts in favor of both plaintiffs. The defendant saved exceptions to the rulings of the judge sustaining the action of the clerk of court in adding interest to the amount of damages from the date of the writ in accordance with G. L. (Ter. Ed.) c. 231, § 6B, inserted by St. 1946, c. 212, § 1, as amended by St. 1951, c. 244. At the time of the accident § 6B, inserted by St. 1946, c. 212, § 1, read in so far as material as follows: "In any action of tort in which a verdict is rendered or a finding made for pecuniary damages for personal injuries to the plaintiff . . . there shall be added to the amount of damages interest thereon from the date of the writ . . . ." This section was amended by St. 1951, c. 244, by inserting after the word "added" the words "by the clerk of court," and as so amended was in effect at the time of the trial.

A plaintiff in an action of tort for personal injuries, in the absence of a statute permitting the inclusion of interest in the amount of damages, is not entitled to recover interest as a part of the damages. That question was settled in a well reasoned opinion by Chief Justice Rugg in *Cochran* v. *Boston*, 211 Mass. 171, after an elaborate analysis of the nature of a claim for personal injuries and the elements therein for which compensation may be awarded. In the instant cases, the statutes at the time of the accident and at the time of the trial provided for the inclusion of interest in the amount which a plaintiff was entitled to recover. Under both statutes interest was to be included as an item of damages. In the statute in effect at the time of the accident, the jury were first to assess damages as at common law and then to reckon the amount of interest and add it to the

damages so found, and include it in their verdict. Under
the second statute, the jury were to determine the damages
and render a verdict as if there were no statute relative to
interest, and the clerk was to add interest to their verdict.
There is nothing in the contention of the defendant that
this second method of dealing with the item of interest
could not be applied to cases where, at the time of the
accident, a statute provided for a different method of in-
cluding interest in the amount which the plaintiff was en-
titled to recover unless the second statute effected a change
in the substantive law.

In *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221,
the statute, St. 1913, c. 290, § 1, provided that where a
plaintiff has a verdict in an action for damages for a death
"there shall be added to the amount of the verdict interest
thereon from the date of the writ." It was said (page 238)
that the proper procedure was that "A verdict is first to be
returned and recorded, and interest thereon is to be added
by the clerk from the date of the writ to the date of the
verdict, and this amount bears interest to the date of enter-
ing the judgment upon which execution issues." The phras-
ing of this statute as appearing in G. L. c. 229, § 11, substi-
tuted for the words above quoted the following: "there
shall be added to the amount of the damages interest thereon
from the date of the writ." It was held in *Fidelity &
Casualty Co.* v. *Huse & Carleton, Inc.* 272 Mass. 448, that
the item of interest as damages was to be included in the
verdict in accordance with the statute in force at the time
of the trial and that this item was not to be added by the
clerk to the damages found by the jury as was the practice
under the statute in effect at the time of the death. It was
said (pages 456–457), "The revision [of St. 1913, c. 290,
§ 1, by G. L. c. 229, § 11] abolished the anomaly of a verdict
returned by the jury but not expressing the entire damages
and the addition of interest to such verdict by some court
officer, and placed upon the jury their true function to find
the entire damages and to express them by their verdict.
This change related to practice and procedure. It has to

do solely with the method by which interest shall be included in the judgment. It did not change the rate or the amount of interest to which a plaintiff was entitled or for which a defendant was liable. It did not affect the substance of the law nor modify the rights or liabilities of the parties."

The determination of the amount of interest did not touch the question of the defendant's liability. It rested entirely upon a mathematical calculation upon the same principal for the same period. Whether reckoned by the jury or by the clerk the amount was the same. It would seem to be a matter of indifference to the defendant whether the amount of interest was included in the verdict under the former practice or added to the verdict which did not include interest by the clerk in accordance with the latter practice. If the defendant thought that he possibly might be charged twice for interest, the matter could be covered in the instructions and there is no contention that the instructions were not apt, complete, and accurate. The change in the method of including the interest was a matter of procedure or practice in no way affecting the substantive rights of the parties. There was no error. *Tremont & Suffolk Mills* v. *Lowell*, 165 Mass. 265. *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273, 276. *Devine's Case*, 236 Mass. 588. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579. *Goddu's Case*, 323 Mass. 397. *Dermody* v. *Utley*, 328 Mass. 209.

*Exceptions overruled.*