LEONTINE TURCOTTE, administratrix, *vs.* MARINES E. DEWITT
(and a companion case[1]).

Bristol. October 31, 1955. — December 30, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Interest. Damages,* For tort, For death, Interest.

In an action for death, interest on the damages from the date of the writ ought to have been added by the jury in making up their verdict pursuant to G. L. (Ter. Ed.) c. 229, § 11, and could not be added by the clerk after verdict under c. 231, § 6B, inserted by St. 1946, c. 212, § 1, as amended by St. 1951, c. 244, even though such interest was not referred to in the charge nor included in the verdict. [390–391]

Under G. L. (Ter. Ed.) c. 235, § 8, it was proper to deny a motion by the defendant in an action to be relieved of interest from the time when, after a rescript from this court, the action would have been ripe for judgment in favor of the plaintiff but for a motion which was then filed by the plaintiff seeking interest from the date of the writ and was subsequently held by this court to have been erroneously allowed in the trial court. [393]

[1] The other case is by the same plaintiff against the Kahn Transportation Company, Inc.

Two ACTIONS OF TORT. Writs in the Superior Court dated January 4, 1950.

Following the decision by this court reported in 332 Mass. 160, motions by the plaintiff respecting interest were heard by *Warner*, J.

*Gerald P. Walsh*, for the defendants.

*Benjamin G. Sykes*, for the plaintiff.

COUNIHAN, J. These are two actions of tort for damages for the death of Hubert A. Turcotte by his administratrix against DeWitt, the operator of a motor vehicle, and the Kahn Transportation Company, Inc., his employer. The death resulted from a motor vehicle accident. The actions were here before after verdicts for the plaintiff, and exceptions of the defendants were overruled. *Turcotte* v. *DeWitt*, 332 Mass. 160. After rescript but before judgment was entered the plaintiff in each case filed the following motion: "Now comes the plaintiff in the above entitled action in which the jury returned a verdict for the plaintiff and moves that interest be added thereto by the clerk of court from the date of the writ by virtue of G. L. c. 229, § 11. Also, by virtue of an oral stipulation entered into in the judge's lobby in the presence of the judge and the assistant clerk, during the course of trial and prior to the judge's charge, by and between the attorneys for the plaintiff and attorney for the defendant to the effect that should the plaintiff recover a verdict, and should the plaintiff be entitled to interest, then the clerk of court is to compute and add thereto interest from the date of the writ." After hearing the judge allowed said motions and the defendants duly claimed exceptions. The actions come here upon appeals of the defendants from orders allowing said motions and upon a consolidated bill of exceptions. We are of opinion that there was error.

It is apparently conceded that the jury did not include in their verdicts interest from the date of the writs as part of the damages which they awarded the plaintiff, nor was such interest referred to in the charge of the judge in these actions. The sole question for us to decide is whether such interest should have been computed by the jury and in-

cluded in their verdicts or whether the clerk of court could add such interest to the verdicts after they had been returned and entered and the jury had dispersed.

The answer depends upon which of two statutes applies. General Laws (Ter. Ed.) c. 231, § 6B, inserted by St. 1946, c. 212, § 1, as amended by St. 1951, c. 244, reads: "In any action of tort in which a verdict is rendered or a finding made for pecuniary damages for *personal injuries* to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon from the date of the writ, even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law" (emphasis supplied). General Laws (Ter. Ed.) c. 229, § 11, reads: "In any civil action in which a verdict is given or a finding made for pecuniary damages *for the death*, with or without conscious suffering . . . there shall be added to the amount of the damages interest thereon from the date of the writ, even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law" (emphasis supplied). It is important to note that G. L. (Ter. Ed.) c. 231, § 6B, applies to a verdict for pecuniary damages for personal injuries and that G. L. (Ter. Ed.) c. 229, § 11, applies to a verdict for pecuniary damages for death.

The judge, in a memorandum in the form of a letter which he caused to be sent to counsel for the parties by an assistant clerk of court, relied upon G. L. (Ter. Ed.) c. 231, § 6B. He further stated that for this reason he disregarded the allegations in the second sentence of each motion. The plaintiff has not argued in her brief the effect of these allegations so we do not pass upon them. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698. We realize that if the allowance of the motions was correct as matter of law it does not matter what reasons were assigned for such action. But in the cases at bar we are of opinion that the action of the judge was incorrect as matter of law.

The law applicable to the circumstances of the cases at bar has been adequately and clearly stated in *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 272 Mass. 448, where at pages 456–457 it was said, "When this provision of statute [St. 1913, c. 290, § 1] was incorporated in G. L. c. 229, § 11 [now G. L. (Ter. Ed.) c. 229, § 11], it was in these words: '. . . there shall be added to the amount of the damages interest thereon from the date of the writ.' The note of the commissioners respecting this section stated that it had been redrafted so as to make clear that interest should be computed in making up the verdict of the jury. 'Verdict' is the word which expresses the final decision of a jury. A general verdict in an action at law is the final declaration by the jury as to the truth of the matters submitted to their determination and at issue between the parties. Except as damages may be reduced by the judge on proper proceedings to that end, it is commonly the foundation for the judgment. 'Damages' is the word which expresses in dollars and cents the injury sustained by a plaintiff. It includes both the original debt or damage and whatever interest ought to be added to make a just verdict. The change made by the revision is not merely verbal without modification of meaning. *Boston & Maine Railroad* v. *Billerica,* 262 Mass. 439, 449. The revision abolished the anomaly of a verdict returned by the jury but not expressing the entire damages and the addition of interest to such verdict by some court officer, and placed upon the jury their true function to find the entire damages and to express them by their verdict. This change related to practice and procedure. It has to do solely with the method by which interest shall be included in the judgment. It did not change the rate or the amount of interest to which a plaintiff was entitled or for which a defendant was liable. It did not affect the substance of the law nor modify the rights or liabilities of the parties. It was the duty of the judge by appropriate instructions to make plain to the jury that after ascertaining the initial amount of damages caused by the tortious act of the defendant they ought to add interest on that amount

from the date of the writ.   If he omits to do this, he commits an error which may be made the subject of an exception by the plaintiff; but he cannot make any change in the verdict after it has been recorded and the jury dispersed." *Landry* v. *Gomes,* 273 Mass. 225, 227-228, is to the same effect.

Nothing appears to the contrary in *D'Amico* v. *Cariglia,* 330 Mass. 246, relied upon by the plaintiff.   In fact that case at page 248 cites the *Fidelity & Casualty Co.* case with approval and quotes pertinent language from it.   The *D'Amico* case was concerned with personal injury only and turned upon the question whether the method of including interest was a matter of substantive law or procedure or practice.   It held it to be a matter of procedure or practice in no way affecting the substantive rights of the parties.

The defendant has filed a motion in this court to be relieved of interest from the time these actions would have been ripe for judgment, after rescript, had it not been for the motions filed by the plaintiff.   We think this motion cannot be allowed.   G. L. (Ter. Ed.) c. 235, § 8.

As we have hereinbefore said, the actions come here upon a consolidated bill of exceptions of the defendants and they also claimed appeals, presumably under G. L. (Ter. Ed.) c. 231, § 96.   The only question raised is whether the order of the judge allowing interest to be added to the verdicts for the plaintiff by the clerk of court was right.   Since this is fully presented by the bill of exceptions there is no need to consider the appeals under § 96.

*Exceptions sustained.*
*Appeals dismissed.*