SALLY SHELIST, administratrix, vs. BOSTON
REDEVELOPMENT AUTHORITY.

Suffolk.  February 10, 1966. — April 5, 1966.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Interest. Eminent Domain, Interest. Statute, Retroactive statute, Repeal.*

Nothing in § 5 of St. 1964, c. 548, requires that interest on the damages
  for a taking by eminent domain made prior to the effective date of c. 548
  be computed at the six percent rate provided by c. 548, § 2, revising
  G. L. c. 79, § 37.   [532–533]

St. 1963, c. 793, § 3, retaining the four percent rate of interest on dam-
  ages for takings by eminent domain made prior to its effective date was
  not repealed by implication by the enactment of St. 1964, c. 548.   [533]

In the absence of a clear showing of intent of the Legislature that the
  amendments of G. L. c. 79, § 37, by St. 1963, c. 793, § 1, and St. 1964,
  c. 548, § 2, should have a retroactive application, such 1963 and 1964
  statutes, increasing from four to six percent the rate of interest on dam-
  ages for takings by eminent domain and thereby affecting substantive
  rights, should be interpreted as inapplicable to the interest on damages
  for takings made prior to their effective dates.   [533]

Where a taking by eminent domain was made before the effective date of
  St. 1963, c. 793, and, in a proceeding for assessment of the damages for
  the taking, a verdict for the petitioner was returned after the effective
  date of St. 1964, c. 548, interest on the damages should be computed at
  the rate of four percent per annum.   [531, 534]

PETITION filed in the Superior Court on May 1, 1962.

Following trial certain questions were reported by
*Donahue, J.*

*Donald R. Grant (Thomas G. Dignan, Jr.,* with him) for
the petitioner.

*James L. Terry (Daniel O. Mahoney* with him) for the
respondent.

*Edward W. Brooke,* Attorney General, *John E. Sullivan,*
Assistant Attorney General, *& John F. St. Cyr,* Legal As-
sistant to the Attorney General, for the Commonwealth,
amicus curiae, submitted a brief.

SPIEGEL, J.  This is a petition for assessment of dam-
ages arising out of a taking of real estate under G. L. c. 79.
On or about January 8, 1962, the respondent made a pro

tanto payment consisting in part of $325,000 for damages and $2,636.11 for interest computed at the rate of four per cent per annum from October 25, 1961, the date of the taking, through January 8, 1962. The payment was "accepted pro tanto except interest question reserved." The case was tried before a jury, who, on June 9, 1965, returned a verdict for the petitioner in the amount of $540,000. The petitioner filed a motion for the entry of an order instructing the clerk to compute interest on that verdict "at the rate of six per cent per annum as required by the provisions of G. L. c. 79, § 37, as amended by or appearing in St. 1964, c. 548, §§ 2 and 5." On June 25, 1965, "the respondent paid the petitioner the further amount of $246,151.11, consisting of the $215,000 difference between the original pro tanto payment and the amount of the verdict, with interest in the amount of $31,151.11 computed on said $215,000 at the rate of four per cent per annum for the period from October 25, 1961, through June 9, 1965." The petitioner received the $246,151.11 "only under a reservation of . . . rights . . . to contend in Court or otherwise that interest on all parts of the damages should have been computed and paid at the rate of six per cent per annum."

The trial judge, without decision, reported the case for determination of the following two questions: "1) Should the Clerk compute interest at the rate of six per cent per annum, or at the rate of four per cent per annum, on the $215,000 difference between the original pro tanto payment and the amount of the verdict? 2) Should the Clerk compute interest at the rate of six per cent per annum, or at the rate of four per cent per annum, on the original pro tanto payment of $325,000?"

At the time of the taking and of the pro tanto payment, the statute concerning interest on damages under G. L. c. 79 read in pertinent part as follows: "Damages under this chapter shall bear interest at the rate of four per cent per annum from the date as of which they are assessed until paid, except as herein otherwise provided. . . . An award shall not bear interest after it is payable unless the body

politic or corporate liable therefor fails upon demand to pay the same to the person entitled thereto." G. L. c. 79, § 37, as amended by St. 1960, c. 298, § 1. This statute was amended by St. 1963, c. 793, § 1, which increased the interest rate from four to six per cent per annum. However, § 3 of St. 1963, c. 793, stated that "the provisions of . . . [§] thirty-seven [of G. L. c. 79] . . . in effect immediately prior to the effective date of this act shall remain in effect with respect to interest on damages or 'on refunds thereof by reason of takings made prior to said effective date [November 6, 1963]." In 1964 the Legislature passed "An Act providing for the payment of interest on judgments against the commonwealth and on settlements in eminent domain cases." St. 1964, c. 548. Section 2 struck "section 37 [of G. L. c. 79], as most recently amended by section 1 of chapter 793 of the acts of 1963," and inserted "in place thereof" a new section. This added a sentence providing for interest on judgments. The phrase "as herein otherwise provided" was deleted from the clause in the original section stating exceptions to the interest rate, and the last sentence of the original section was made a part of that clause.[1] Section 5 of St. 1964, c. 548, stated: "This act shall take effect on January first, nineteen hundred and sixty-five and shall not apply to interest on judgments entered or settlements arrived at prior to said date."

The petitioner contends that St. 1964, c. 548, § 2, applies "to cases in which the taking had been made before January 1, 1965, provided only that the judgment should be entered or the settlement arrived at after that date." She relies on § 5 for an inference that "the Legislature did not intend the operation of the 1964 amendments . . . to be

---

[1] This section then read as follows: "Damages under this chapter shall bear interest at the rate of six per cent per annum from the date as of which they are assessed until paid, except that an award shall not bear interest after it is payable unless the body politic or corporate liable therefor fails upon demand to pay the same to the person entitled thereto. Interest shall be added by the clerk of the court to the damages expressed in a verdict, finding, or order for judgment on an auditor's report. A judgment, whether against the commonwealth or any other body politic or corporate, shall bear interest at the rate of six per cent per annum from the date of the entry of such judgment to and including the last day of the month prior to the month in which satisfaction thereof is paid."

confined to cases in which orders of taking should be adopted on or after January 1, 1965.''

Section 5 does not support the petitioner's position.   The first clause of § 5 names the date the act takes effect but not the cases to which it applies.   The second clause of § 5 refers to ''interest on judgments entered . . . prior to said date.''   This clause clearly refers to interest on judgments from the date judgment is entered until it is paid, and not to interest on damages from the time of taking until the date judgment is entered.   Therefore, nothing in § 5 of St. 1964, c. 548, requires the application of the statute to takings which occurred prior to its effective date.

Section 3 of St. 1963, c. 793, retained the four per cent per annum rate on damages for ''takings made prior to [November 6, 1963].''   Statute 1964, c. 548, § 2, in so far as it dealt with interest on damages, made but minor changes, as outlined above, in the provisions of St. 1963, c. 793, § 1, and is not inconsistent with § 3 of the 1963 statute.   Since the repeal of statutes by implication is not favored, § 3 of St. 1963, c. 793, is still in effect.   See *Hardman* v. *Collector of Taxes of No. Adams,* 317 Mass. 439, 442; *Johnson's Case,* 318 Mass. 741, 746; *Haffner* v. *Director of Pub. Safety of Lawrence,* 329 Mass. 709, 713–714.

Further, at the time of the taking, the rate of interest on damages arising out of the taking was four per cent.   A change in the rate of interest would affect the substantive rights of the parties as of the time of the taking.   See *D'Amico* v. *Cariglia,* 330 Mass. 246, 249.   In the absence of clear statutory language, legislation affecting substantive rights is not retroactive.   *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5.   *Brucato* v. *Lawrence,* 338 Mass. 612, 617.   *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxn.* 343 Mass. 613, 619.   *Building Inspector of Acton* v. *Board of Appeals of Acton,* 348 Mass. 453, 456–457.   *Doliner* v. *Planning Bd. of Millis,* 349 Mass. 691, 698. There is no clear language in St. 1963, c. 793, or St. 1964, c. 548, requiring retroactive application, and we do not interpret the statutes as intended to apply to damages for takings which occurred prior to their effective dates.

The answer to each of the questions reported is that interest on the damages should be computed at four per cent per annum. These sums having been paid to the petitioner no further computations are necessary.

*So ordered.*