## STATE of Tennessee ex rel. COMMISSIONER OF TRANSPORTATION, Petitioner-Appellant,

v.

## Luther McDOUGAL and wife, Charlotte McDougal, May McDougal, City of Hendersonville and County of Sumner, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section.

Jan. 19, 1983.

Permission to Appeal Denied by
Supreme Court April 4, 1983.

Sylvia Ford Brown, Asst. Atty. Gen., Nashville, for petitioner-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Thomas Boyers, IV, Gallatin, for defendants-appellees.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.

In this eminent domain case, the State of Tennessee has appealed from a jury verdict and judgment awarding to the property owners $100,000 for value of property taken and incidental damages with interest on the unpaid balance at the rate of 6% per annum from October 15, 1980, through June 30, 1981, and at the rate of 10% per annum from July 1, 1981, until the principal amount is paid in full.

The single issue on appeal is the propriety of the allowance of 10% interest from July 1, 1981.

Prior to July 1, 1981, the applicable statute, T.C.A. § 29–17–813, read in pertinent part as follows:

> All judgments rendered shall be paid out of the general funds of the municipality, county, or state, whichever may be the condemner [sic], together with interest at the rate of six percent (6%) on any excess of the amount awarded an owner over the amount deposited with the clerk.

Chapter 263, Public Acts of 1981 reads in pertinent part as follows:

> Section 2. Tennessee Code Annotated, Section 29–17–813 is amended by deleting from line four the words and figures "six percent (6%)" and substituting instead the words and figures "ten percent (10%)".

Section 3. This Act shall take effect on July 1, 1981, the public welfare requiring it.

This suit was filed on September 11, 1980. On October 15, 1980, an order of possession was entered authorizing the State to take possession of the land. The judgment, entered on April 22, 1982, provided as follows:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the court that the defendants, Luther McDougal and wife, Charlotte McDougal, and their lawyer of record, Thomas Boyers, IV, Esquire, have and recover of the petitioner, State of Tennessee, the total sum of $100,000.00, of which the sum of $55,-600.00 has been deposited with the clerk of this court, leaving a balance due the defendants of $44,400.00 plus interest thereon at 6% from the 15th day of October, 1980, the date of acquisition, through June 30th, 1981, and at an interest rate of 10% from July 1, 1981 until the Judgment is paid, plus all court costs of this cause.

It is thus seen that, at the time of the order of possession, the statutory rate of interest to be paid for delay in payment of damages was 6%; that, prior to the entry of judgment, on July 1, 1981, the statutory rate was increased to 10%; and that the Trial Judge ordered that interest be computed and paid at the 6% rate until the effective date of the amendment and at the 10% rate after said effective date.

Appellants insist that the rate of interest upon compensation is determined by the law in effect on the "date of taking" (order of possession) and that the 10% rate applies only to damages for property "taken" on and after July 1, 1981, the effective date of the increase.

Appellants cite *Alloway v. City of Nashville,* 88 Tenn. 510, 13 S.W. 123 (1898) for the general proposition that the value of the property taken and other elements of damages are to be fixed as of the "date of taking."

A careful reading of the cited authority discloses nothing to support the insistence of appellant that the rate of interest on the recovery in an eminent domain case is limited to the statutory rate in effect at the time of the taking. The cited authority relates only to the establishment of the value of the property taken and the amount of injury inflicted upon the remainder of the owner's land. The authority does hold that the owner is entitled to interest, but there is no holding that the rate of interest must be that provided by statute at the time of taking.

Appellant cites *Electric Power Board v. Woods,* Tenn.1977, 558 S.W.2d 821, 825. That case involved the effective date of a statute authorizing the Commissioner of Revenue to waive a statutory penalty under certain conditions. The Supreme Court said:

. . . In the absence of legislative intent or a necessary inference that a statute is to have retroactive force, an act of the legislature is to be given prospective effect only by the courts. 558 S.W.2d at 825.

Appellant also cites *Woods v. TRW, Inc.,* Tenn.1977, 557 S.W.2d 274. That case involved a change in the statute of limitations on actions to recover state revenue. The Supreme Court again, held that no legislative intent of retrospective application was evident.

Appellant also cites *Heiskell v. Lowe,* 126 Tenn. 475, 153 S.W. 284 (1912), which involved a statute requiring publication of campaign expenses. The Supreme Court held that the law did not apply to an election held before the effective date of the law.

Appellant cites *State of Louisiana v. Ronaldson,* La.App.1975, 316 So.2d 898, wherein the Louisiana Court said:

Legal interest is a matter of substantive law, and a change therein should not be given retroactive effect unless the Legislature so provides, *Parish of East Baton Rouge v. Harrison,* 260 So.2d 106 (La.App. 1st Cir.1972), writ refused 261 La. 1062, 262 So.2d 43 (1972). Therefore, since the judicial rate of interest was 5 percent when the State became obligated therefor, a subsequent change in said rate

has no effect thereon under the holdings of *Harrison; Saragusa v. Dipaola,* 290 So.2d 766 (La.App. 1st Cir.1974), writ refused, 293 So.2d 185 (La.1974); and *Brouillette v. State, Through Department of Highways,* 275 So.2d 196 (La.App. 3rd Cir.1973). 316 So.2d at 906.

Appellant also cites *Shelist v. Boston Redevelopment Authority,* Ma.1966, 350 Mass. 530, 215 N.E.2d 748; however, in that case, the statute increasing the interest rate expressly provided that the rate of interest on condemnations occurring prior to the amendment should be controlled by the former, unamended, statute.

Appellant also cites *Salahub v. Montgomery Ward & Co.,* 41 Or.App. 775, 599 P.2d 1210 which relates to a garnishment law and is not in point.

Appellant also cites *Succession of Drake,* La.App.1978, 359 So.2d 249, which involves legal interest on a private debt and is not considered to be in point.

Appellant also cites *Sunray DX Oil Co. v. Great Lake Carbon Corp.,* Okl.1970, 476 P.2d 329, which held that a statutory increase in rate of interest on judgments did not increase the rate of interest on a judgment which was rendered before the amendment and which specifically provided in the judgment a particular rate of interest until the judgment should be paid.

Appellant also cites *Swift v. Dodson,* Mich.App.1967, 6 Mich.App. 480, 149 N.W.2d 476, wherein it was held that a statute providing for interest from the date of filing a civil complaint was not retroactively applicable to a complaint filed prior to the effective date of the statute even though the judgment was rendered after the effective date of the statute.

From the foregoing summary of authorities cited by appellant, it appears that only Louisiana, a civil law jurisdiction, has specifically refused to apply an increase in statutory interest to a condemnation in which the taking occurred prior to the effective date of the increase.

In 4 A.L.R.2d 932, is found a collection of authorities on retrospective application of changes in statutory interest rates. The authorities are generally uniform that interest on contractual obligations may not be changed retroactively by law. A few authorities adhere to this principle even where the debt has been reduced to judgment and the statutory interest rate on judgment is changed.

However, the predominant majority hold that the allowance of interest on judgments is a matter of statutory grace and the rate of interest on judgments may therefore be changed at the will of the legislature. See 4 A.L.R.2d 950, 951, 952.

In 29A C.J.S., *Eminent Domain,* § 176(1), pp. 762 ff. is found the following text:

Where payment of compensation does not accompany the taking of property for public use but is postponed to a later date, the owner of the property ordinarily is entitled to the award of an additional sum which will compensate for the delay, or which will, in other words, produce the full equivalent of the value of the property paid contemporaneously with the taking. According to the weight of authority, the owner is in such circumstances entitled to interest, or, what is similar, to damages in the nature of interest for delay in payment,

Ordinarily, interest or damages for delay in making payment constitute part of, or an element of, the owner's just compensation. Accordingly, such interest or damages usually are considered to be part of the award made to the owner for the appropriation of his property, and his right thereto is not dependent on statutory provision or a special agreement. . . .

Whether an owner's right to interest or damages for delay in payment of his just compensation is founded on the constitution or on natural justice, such right cannot be abrogated by statute. However, the amount of interest and when it should be paid may depend on specific statutory provisions, or, in the absence of such provisions, on general equitable principles. An express provision for the payment of interest to an owner as part of his just compensation, should be con-

strued and given effect according to the intention of the legislature, which should be ascertained in the light of the purposes for its enactment, and from a reading of the statute as a whole.

Where interest is allowed independently of contract, it is allowed as damages for the detention of money and in lieu of the profit or other benefit which would accrue to the possessor of the money. Where the sovereign takes private property and thereby deprives the owner of the use and benefit of the property, any delay in compensating the owner naturally deprives the owner not only of the beneficial value of the property, but also of the beneficial use of the property or its value in cash. Therefore, adequate compensation for property taken must include compensation for the delay in payment, i.e., interest. Such interest must be at a reasonable rate, and the amendment of the statute was simply a determination of a reasonable rate. There is no reason why such reasonable rate should not apply to all amounts due all property owners from and after the effective date of the declaration, and not merely to those owners whose property was taken after the effective date of the amendment.

This Court does not agree with the reasoning of appellant that, by seizing property on a given date, the sovereign acquired a "vested" right to defer payment as long as it desired paying only the rate in effect of the seizure. The right to compensation, including interest, is not a matter of agreement or contract, it is a matter of constitutional right to due process and full compensation which should not be thwarted by any artificial barrier of "vested rights."

Another view of the amendatory statute is that it is an exercise of sovereign grace in granting a right against the sovereign which must be presumed to have been granted without discrimination to all who were forced to wait for compensation for their property. In this view, the sovereign has granted the right and ought not to be allowed to plead a technicality to defeat the claims of justice.

Since interest is compensation for delay in payment, the right to interest accrues as payment is delayed. In this view, the right to interest at the increased rate did not accrue until the State delayed payment after the effective date of the act. Since the right (to increased interest) did not accrue until after the effective date of the amendment, the application of the amendment to the period of delay after the effective date of the amendment does not constitute a retroactive application.

If the property owner is not to be given the benefit of the legislated increase in interest rate, then the case should be retried and the jury charged as to the interest rate which will be applied to the verdict so as to enable the jury to render a just verdict in the light of the limited allowance of interest.

This Court prefers the foregoing reasoning to that upon which the Louisiana Court relied.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded for enforcement of the judgment and such other proceedings as may be necessary and proper.

Affirmed and remanded.

LEWIS and CONNER, JJ., concur.