ANDREW BENJAMIN AAMES, A.K.A. LARIMORE S. BROOKS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28003-88.         Filed February 28, 1990.

Andrew B. Aames, pro se.
*Carol Mason,* for the respondent.

## OPINION

COHEN, *Judge:* Respondent determined a deficiency of $76,146 in petitioner's Federal income tax for 1986. Respondent also determined that petitioner is liable for additions to tax of $19,037 under section 6651(a)(1), $3,807 under 6653(a)(1)(A), $3,684 under section 6654, and 50 percent of the interest due on $76,031 under section 6653(a)(1)(B) for 1986.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

---

This matter is before the Court on (1) petitioner's motion for summary judgment, filed August 14, 1989, and respondent's notice of objection thereto; and (2) respondent's motion for partial summary judgment, filed September 8, 1989, and petitioner's objection thereto. The issue on these motions is whether petitioner received unreported taxable interest income of $162,539 in 1986.

## Background

The facts relating to the interest income are not in dispute. On September 25, 1975, petitioner suffered serious injuries when a motor vehicle struck him as he rode his bicycle. Shortly after the accident, petitioner retained an attorney, Irving Fishman (Fishman), to represent him. On the advice of Fishman, petitioner settled his personal injury claim for $160,000.

Subsequently, petitioner sued Fishman for malpractice, alleging that Fishman negligently persuaded him to accept an unreasonable settlement. In the trial of the malpractice case, the jury found that Fishman was negligent in his handling of the personal injury action and that petitioner was damaged thereby in the amount of $525,000. The Massachusetts trial court entered judgment on the malpractice claim and reduced the damages (1) to reflect petitioner's contributory fault, (2) by the amount of medical expenses paid from the settlement, and (3) by the amount petitioner received personally from the settlement. The judge also allowed interest on the reduced balance from January 27, 1984.

Fishman appealed the trial court's decision, and the judgment was affirmed. *Fishman v. Brooks,* 396 Mass. 643, 487 N.E.2d 1377 (1986). In a Judgment After Rescript dated April 1, 1986, on Count I of his lawsuit, petitioner was awarded "the sum of $605,685.03 together with interest thereon from January 27, 1984 to April 1, 1986 in the sum of $158,283.67." On Count II of his lawsuit, petitioner was awarded "the sum of $16,280.60 together with interest thereon from January 27, 1984 to April 1, 1986 in the sum of $4,254.61." The interest awarded on both counts totals $162,538.28.

Petitioner did not include the $162,538.28 interest award in his reported 1986 gross income, nor did petitioner disclose the unreported interest income on his 1986 tax return. Respondent determined that petitioner had additional taxable income of $162,539.00, consisting of the interest awarded as a result of petitioner's malpractice lawsuit.

## Discussion

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case." Rule 121(b). The parties agree that the taxability of the interest income may be decided as a matter of law. Because other issues remain, only partial summary judgment may be ordered at this time. Rule 121(c).

Respondent contends that the $162,539 awarded in 1986 is includable in gross income because the payment is for interest. Petitioner does not dispute that the $162,539 was awarded as interest. Petitioner maintains, however, that the interest award should be considered an item of damages and thus excluded from gross income.

Section 61 provides that gross income includes "all income from whatever source derived" unless otherwise provided. Interest is specifically included in gross income under section 61(a)(4). Interest income on nontaxable receipts, such as legacies, is taxable under section 61. Sec. 1.61-7(a), Income Tax Regs. Section 104(a)(2), however, excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." (For tax returns filed for years ending after July 10, 1989, section 104(a)(2) does not apply to any punitive damages received in connection with a case not involving physical injury or physical sickness. Sec. 7641(a), Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106.)

Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort-type rights, or through a settlement agreement entered into in lieu of such prosecution."

Interest awarded in a judgment is generally considered ordinary income, regardless of how the judgment itself is taxed. *Wheeler v. Commissioner,* 58 T.C. 459, 461-462 (1972). In *Wheeler,* the taxpayer received a $30,000 judgment in a breach of contract suit, together with interest of $18,000 plus additional amounts accruing at the rate of 6 percent per annum until paid. The taxpayer in *Wheeler* contended that the entire recovery amounted to a return of his capital investment and, therefore, did not constitute taxable income. 58 T.C. at 461. This Court found that only $30,000 was awarded as compensation for breach of contract and the remainder of the judgment, designated as interest, was to compensate the taxpayer for the delay in receiving payment of the damages he suffered. The interest portion of the proceeds, therefore, was includable in taxable income. 58 T.C. at 462. See also *Kieselbach v. Commissioner,* 317 U.S. 399, 403-404 (1943); *Tiefenbrunn v. Commissioner,* 74 T.C. 1566, 1572 (1980); *Smith v. Commissioner,* 59 T.C. 107, 111-113 (1972); *Trez v. Commissioner,* T.C. Memo. 1976-141.

Petitioner cites *Sylvania Electric Products v. Barker,* 228 F.2d 842 (1st Cir. 1955); *USM Corp. v. Marson Fastener Corp.,* 392 Mass. 334, 467 N.E.2d 1271 (1984); and *D'Amico v. Cariglia,* 330 Mass. 246, 112 N.E.2d 807 (1953), for the proposition that interest should be added as an element of damages awarded in order that a plaintiff might be made whole.

Under Massachusetts common law, plaintiffs in tort actions for personal injuries were not entitled to recover interest as a part of their damages. *D'Amico v. Cariglia,* 112 N.E.2d at 808. By statute, however, plaintiffs are now entitled to interest as an item of damages. The decision in *D'Amico v. Cariglia, supra,* dealt with a change in the statutory method of computing interest on damages and did

not address the issue of taxability of damage awards or interest on those damages.

The opinion in *Sylvania Electric Products v. Barker*, 228 F.2d at 851, states that "interest on a verdict from the date of the writ is an item of substantive damages," but that case dealt with a conflict of law question. The opinion in *USM Corp. v. Marson Fastener Corp.*, 467 N.E.2d at 1282, states that "interest on a tort judgment * * * undertakes in a general way to make the plaintiff whole," but that case dealt with an award of interest in a trade secret case. Neither case is precedent or controlling in a case to be decided under the Internal Revenue Code.

The nature of interest is that it is paid because of delay in the receipt of funds, in this case the principal amount awarded to plaintiff and designated "damages" by the Massachusetts Supreme Judicial Court. As interest, it is taxable to petitioner. The interest portion of the award must be included in petitioner's taxable income.

To reflect the foregoing,

> *Respondent's motion for partial summary judgment will be granted, and petitioner's motion for summary judgment will be denied.*