Kottmyer, J.
The Complaint in this case was filed on November 14, 1994, and amended on June 28, 1995. Judgment entered in plaintiffs favor on May 25 and September 14, 1995 on Counts I through VI against the defendant John D. Clinton (“the defendant”). This Court held a hearing on plaintiffs motion for assessment of damages on October 27, 1995. The witnesses at the hearing were plaintiff, Lisa Cotter - Crowley and Diane DeSaulnier. Ms. Cotter-Crowley is a Department of Social Services (“DSS”) caseworker who was assigned to. plaintiffs case throughout the time she was in DSS custody. Ms. DeSaulnier became foster mother to plaintiff shortly before plaintiffs twelfth birthday and has maintained a relationship with her since that time. In addition, records of DSS and other social service agencies relating to the plaintiffs treatment were admitted in evidence.
FINDINGS OF FACT
Counts I through IV allege assault and battery on the plaintiff by the defendant on February 21, March 1, April 1 and March 15, 1984.
The plaintiff, whose date of birth is September 11, 1973, was ten years old at the time of these batteries. Each involved a sexual assault upon her. On February 21, 1984, the defendant was convicted of indecent assault and battery and rape of the plaintiff and was sentenced. At the time of these assaults, the defendant was plaintiffs mother’s boyfriend. Plaintiffs mother accused plaintiff of lying when she complained of the assaults and later married the defendant. As a result of the defendant’s conduct, plaintiff was, at the age of ten, hospitalized at the University of Massachusetts Medical Center for psychiatric treatment. Following a report of abuse and neglect by the hospital (a “51 A” report), the Department of Social Services (“DSS”) obtained custody of Plaintiff.
After the sexual assaults, Plaintiff was extremely fearful. She had great difficulty trusting anyone. Her fear and inability to trust were particularly severe regarding men. She did not like to be touched by anyone. She had nightmares during which she cried out in fear. She has undergone counseling, but the counseling has only been moderately effective due to her resistance to counseling. She resists counseling because it is too painful for her to confront the issues engendered by the sexual abuse and her mother’s failure to believe and protect her.
Between the ages of 12 and 16, plaintiff lived with Ms. DeSaulnier’s family in a supportive foster home. During these years, she improved and became somewhat more trustful. She was able to accept physical demonstrations of affection by members of her foster family such as hugging.
When plaintiff was sixteen years old steps were taken, over her objection, to reintegrate her in her mother’s home. She was moved to a foster family in the town in which her mother lived to facilitate the transition. By this time the defendant was married to plaintiffs mother and living in the home. During February school vacation, plaintiff was again raped by the defendant on three occasions. Again, the defendant *585 was prosecuted and convicted of raping her. Two of these rapes are the basis of the assaults and batteries alleged in Counts V and VI of the Complaint. Since that time plaintiff has been fearful. She is unable to develop and enjoy trusting relationships with others, particularly men. The sexual abuse of the plaintiff by an adult in a position of authority over her caused plaintiff to suffer permanent emotional damage which has a pervasive effect on her daily life.
RULINGS OF LAW
Generally, damages in a tort action may not serve to penalize a wrongdoer but may only fairly and adequately compensate a victim for «her injuries. See Magaw v. Massachusetts Bay Transportation Authority, 21 Mass.App.Ct. 129, 137 (1985); G.E. Lathrop Theatres v. Edison Alice & Co., 290 Mass. 189, 194 (1935) (the general principle of damages is that the plaintiff is to be made whole and compensated for what he has lost). Damages express “in dollars and cents the injury sustained by a plaintiff.” Berube v. Selectmen of Edgartown, 336 Mass. 634, 639 (1958), quoting Turcotte v. DeWitt, 333 Mass. 389, 392 (1955).
In Massachusetts, punitive damages are not recoverable unless specifically authorized or recognized.[1] Assault and battery are common law torts and do not specifically provide for punitive damages. Therefore, the court assesses only compensatory damages.
In the civil torts of assault and battery the victim may recover for the physical injuries sustained as well as humiliation, indignity and injury to her feelings that results from the defendant’s assault and use of force. See Ross v. Michael, 246 Mass. 126, 129 (1923); Burns v. Jones, 211 Mass. 475, 476 (1912). When the injury is emotional, as well as physical, damages compensate for worry, grief, stress, humiliation, anxiety and emotional scarring.[2] Wagenmann v. Adams, 829 F.2d 196, 221 (1st Cir. 1987).
The nature and extent of emotional harm is committed to the deliberate judgment of the trier of fact. See Pearl v. William Filene’s Sons Co., 317 Mass. 529, 532 (1945). “Mental injury is an intangible that does not lend itself to a scientific formula or measuring device.” Wegenmann, 829 F.2d at 216.
In this case, damages must compensate not for “merely transitory emotional distress,” but for permanent injury to plaintiffs ability to trust and relate to others. Lang v. Bradley, 1990 Mass.App.Div. 202 (1990). Further, damages must compensate the plaintiff for two separate, and distinct, sets of multiple attacks. The second attack took place when the plaintiff had recovered somewhat from the damage inflicted by the first series of assaults. The evidence demonstrated that plaintiff has not been able, as a result of the attacks, to form healthy relationships, particularly with men, and to function normally from day to day. Therefore, the court assess damages against the defendant in the amount of $250,000 on Counts I through IV and $250,000 on Counts V through VII for a total of $500,000.
ORDER
For the stated reasons it is hereby ORDERED that Plaintiffs Motion to Assess Damages is ALLOWED. It is further ORDERED that damages are assessed in the amount of $500,000.00 in compensation for the physical and emotional harm the plaintiff suffered as a result of the assaults and batteries committed against her by the defendant.

Examples of statutes which provide for punitive damages are G.L.c. 229, §2 (wrongful death) and G.L.c. 93A, §9 (The Consumer Protection Act).

The present case involves the infliction of physical, as well as, emotional injury. Even if it did not, however, deunages for mental pain and suffering would be appropriate. The rule that “there can be no recovery for fright, terror, alarm, anxiety or distress of mind if these are unaccompanied by some physical injury” only applies to an “unintentional” tort and not to a battery. Spade v. Lynn and Boston R.R., 168 Mass. 285, 289-90 (1897); George v. Jordan Marsh Co., 359 Mass. 244, 246-52 (1971).